SEDGWICK LLP
STEPHANIE A. SHERIDAN, State Bar No. 135910
*stephanie.sheridan@sedgwicklaw.com*
ANTHONY J. ANSCOMBE, State Bar No. 135883
*anthony.anscombe@sedgwicklaw.com*
MEEGAN B. BROOKS, State Bar No. 298570
*meegan.brooks@sedgwicklaw.com*
333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
Telephone: 415.781.7900
Facsimile: 415.781.2635

Attorneys for Defendants
ALERE HOME MONITORING, INC.
and ALERE SAN DIEGO, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVE SHIELDS,<br><br>                    Plaintiff.<br><br>    v.<br><br>ALERE HOME MONITORING, INC., and<br>ALERE SAN DIEGO, INC.<br><br>                    Defendants. | Case No. 3:15-cv-02580-CRB<br><br>**ALERE ENTITIES' REPLY IN SUPPORT OF THIER MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6); AND ALTERNATIVE MOTION TO STAY BASED ON PRIMARY JURISDICTION**<br><br>Judge:          Hon. Charles R. Breyer<br>Hearing Date:  October 9, 2015<br>Time:           9:00 a.m.<br>Courtroom:     6 |

Case No. 3:15-cv-02580-CRB

ALERE ENTITIES' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P.
12(b)(1) AND 12(b)(6); AND ALTERNATIVE MOTION TO STAY BASED ON PRIMARY JURISDICTION

81973056v3

## I.    INTRODUCTION

Plaintiff's opposition to Alere Home Monitoring Inc. and Alere San Diego, Inc.'s (collectively the "Alere Entities'") Motion to Dismiss rests on unfounded, uninformed, and incorrect assumptions.  It points to no facts pled in his First Amended Complaint ("FAC") that demonstrate injury-in-fact or that state a claim.  Shields also offers no evidence to rebut the Alere Entities' evidence that he did not buy the device when he said he did, or to show that he was even using the device when Alere issued its Urgent Medical Device Correction ("Correction").  He ignores all of the judicially noticeable information submitted by Alere that the Correction did not remove the device from the field, that the Correction simply relabeled the device to notify patients that certain medical conditions might create a risk of inaccurate results, and that the device remains on the market.  He offers no response, whatsoever, to Alere's argument that he did not have one of the specific medical conditions, never received an inaccurate result himself, or that risk to others does not mean that he, himself, has an injury.  His hollow assertions that the devices are unusable and  "worthless" (Response pp. 4, 6) are no more than words on a page, of no consequence.  A judgment of dismissal should now be entered.

## II.    PLAINTIFF MISCONSTRUES THE MEDICAL DEVICE CORRECTION AND ITS IMPACT ON HIS ABILITY TO USE HIS DEVICE

Plaintiff's Response repeats, in mantra fashion, that the INRatio Systems are "not reliable, accurate or  convenient" and ultimately "worthless."  (*See, e.g.*, Response pp. 1, 2, 4, 6, 7, 9, 10, 11.)  Repetition does not create standing or demonstrate the plausibility of his claims.  The Alere Entities have already established that the INRatio System package insert informed patients that their health status could affect the accuracy of their results, and that the Correction simply relabeled the INRatio Systems by providing more specific information as to what select medical conditions might affect accuracy.  (*See* ECF #21,  pp. 9-10 and fn. 1, and ECF #22 and Exhibit C thereto.)[1]  The Correction advised patients that certain, specific medical conditions could create

---

[1] Plaintiff's Response does not dispute the Alere Entities' characterization of the Correction, or that the regulatory record and other judicially noticeable materials can be considered by the Court in ruling on the FRCP 12(b)(1) and 12(b)(6) motions currently before the Court.  He has also submitted no evidence in response to the Kennedy and Gueran declarations.

-1-    Case No. 3:15-cv-02580-CRB

risks of inaccurate readings, that they should consult their physicians to see if any of the medical conditions applied to them, and, if so, to take precautions. It did not tell patients to stop using the INRatio Systems. It did not tell patients that the INRatio Systems could yield inaccurate results in other circumstances. The FDA has allowed INRatio Systems to remain in use by healthcare providers and patient self testers. (*Id.*)

While repeatedly complaining that his device is "worthless," nowhere has Plaintiff indicated that he suffers from any of the conditions – listed in the Correction – that could potentially lead to inaccurate results. He likewise does not indicate that his INRatio System has ever yielded an inaccurate result. Indeed, it is now uncontroverted that Plaintiff was not even using his INRatio System at the time the Correction was issued. While Plaintiff contends that these issues are "immaterial" to his Constitutional and statutory standing, and to his CLRA and UCL claims, it is clear that his claims rest entirely on regulatory actions and medical risks that have no application to him. He used this product, got its benefits, incurred no harm, and now wants his money back because select patients with medical conditions he does not share were informed by Defendants that they might have a risk of inaccurate results.

## III.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF STANDING

To establish Article III standing, Plaintiff has the burden of demonstrating that he has suffered an injury in fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 555 (1992) ("As the parties invoking federal jurisdiction, respondents bear the burden of showing standing by establishing, inter alia, that they have suffered an injury in fact. . ."); *see also Kokkonen v. Guardian Life Ins. Co. of America*, 511 US 375, 376-378, 114 S.Ct. 1673, 1675 (1994)("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.")

The Alere Entities demonstrated in their facial challenge to the FAC that Plaintiff failed to allege a factual basis for an injury-in-fact. While Plaintiff claims to have incurred an economic injury – that his INRatio System is "worthless" – the FAC offers no facts to support the allegation, and his opposition fails to show otherwise. Plaintiff has ostensibly conceded that: (1) he does not

-2-                    Case No. 3:15-cv-02580-CRB

have any of the medical conditions that could lead the INRatio System to yield inaccurate results; (2) he has never received an inaccurate result from his INRatio System; and (3) he has not incurred any physical injury or out-of-pocket expense. Plaintiff thus sits in exactly the same position as plaintiffs in other no-injury product liability cases, who try to parlay risks of personal injury to third persons into monetary refunds for themselves. *See, e.g., Rivera v. Wyeth-Ayerst Laboratories*, 283 F.3d 315, 320 (5th Cir. 2002) (In case seeking refund for drugs recalled from market, Court stated "[m]erely asking for money does not establish injury in fact. [] [T]he wrongs Rivera and the class allege are those suffered by other, non-class member patients…."); *O'Neil v. Simplicity, Inc.*, 574 F. 3d 501 (8th Cir. 2009) (claim properly dismissed where plaintiffs used crib for four years without injury to their infant. No injury based on fact that three children died from alleged defect, and plaintiffs' claim that they would no longer use crib); *In re Bisphenol A Product Liability Litigation*, 687 F.Supp.2d 897, 912-914 (W.D. Mo. 2009) (consumer protection, breach of warranty and misrepresentation claims dismissed with respect to plaintiffs who no longer had the baby bottles at issue when they learned of the presence of BPA in the bottles; they had used the bottles and obtained the benefit of their bargain, without any injury); *Herrington v. Johnson & Johnson Consumer Companies, Inc.*, 2010 WL 3448531 at *4 (N.D. Cal. September 1, 2010), *citing Rivera*, 283 F.3d at 316-317 ("Plaintiffs have not pled facts to show that Defendants' products are defective or otherwise unfit for use. Nor have Plaintiffs alleged that they overpaid or otherwise did not enjoy the benefit of the bargain. Plaintiffs purchased Defendant's [] products [] and they do not plead that the products failed to perform….Plaintiffs have not plead an injury-in-fact sufficient to confer Article III standing."); *Whitson v. Bumbo*, 2009 WL 1515597 at *6 (N.D. Cal. 2009)("Whitson fails to allege that her seat manifested the purported defect….Whitson does not have standing….").

Plaintiff also offers no response to the Alere Entities' evidentiary challenge, which demonstrated that Plaintiff has not used the device in years. While Plaintiff calls this evidence "completely irrelevant," he has conceded the evidentiary point by failing to submit any countervailing evidence himself. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elect. Corp.*, 594 F.2d

-3-                                    Case No. 3:15-cv-02580-CRB

730, 733 (9th Cir. 1979); *see also Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "[T]he plaintiff must support h[is] jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context. . . .The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir.) cert. denied, 135 S. Ct. 361, 190 L. Ed. 2d 252 (2014)(internal citations omitted).  Like the plaintiffs in *O'Neil* and *In re BPA*, Plaintiff here has used this product successfully, obtained its benefit without incident for years, and now that he no longer needs the product, he wants his money back. This Court should no more countenance these claims than did the courts noted above under similar fact patterns.

Plaintiff's attempts to distinguish his situation from those of the plaintiffs in *Birdsong v. Apple Inc.,* 590 F.3d 955 (9th Cir. 2009), arguing that the plaintiffs in that case alleged a "hypothetical situation where a product [iPod] could potentially cause a hypothetical injury [hearing loss]." (Response pp. 6-7.)  However, the Ninth Circuit addressed – and rejected – the precise economic injury argument that Plaintiff advances here:

> The plaintiffs' alleged economic harm centers on their claim that the iPod has a defect (an inherent risk of hearing loss) which cause their iPods to be worth less than what they paid for them. But the plaintiffs have failed to allege a cognizable defect under any of their asserted claims.  Further, the alleged loss in value does not constitute a distinct and palpable injury that is actual or imminent because it rests on a hypothetical risk of hearing loss to other consumers who may or may not choose to use their iPods in a risky manner.

*Birdsong*, 590 F.3d at 961-962.  Here, too, Plaintiff's claim of "worthlessness" rests entirely on a risk of harm to others, and even then, a harm that might only occur if the narrow category of at-risk patients ignore the instructions in the Correction.

**IV.    PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE CLRA OR UCL**

In their moving papers, the Alere Entities demonstrated that Plaintiff has failed to state a claim under the UCL and CLRA.  With regard to Plaintiff's CLRA claim, the Alere Entities demonstrated that Plaintiff failed to allege facts to support a CLRA violation based on an affirmative representation or duty of disclosure sufficient to state a claim based on fraudulent

-4-    Case No. 3:15-cv-02580-CRB

Sedgwick LLP

omission.  With regard to his UCL claims, the Alere Entities established that Plaintiff did not adequately allege a claim under any of the three prongs of the UCL.  As set forth below, Plaintiff's opposition does nothing to show otherwise.

For reasons similar to those discussed above, Plaintiff has failed to state a claim under the CLRA or UCL.  Plaintiff does not claim to have any of the medical conditions that could potentially cause the INRatio Systems to yield inaccurate results, nor has he received an inaccurate result himself.  He has used the product and received its benefit.  He therefore has not sustained any loss of money or property, or actual damage, and lacks statutory standing.  *See* Cal. Bus. & Prof. Code §17204, 17534 and Cal. Civ. Code 1780(a).

Plaintiff's response ignores the pleading requirements of Rule 9(b), and has not stated a claim based on any affirmative representation.  Plaintiff has not  identified with specificity the affirmative statements or advertisements on which he allegedly relied.  Generic reference to "all of the Defendants' marketing materials" (Response p. 8), without any allegations of what they said, or that he saw or relied upon them (or how they caused his doctor to prescribe this device), simply do not suffice.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir. 2009)(dismissing claim where Plaintiff failed to specify "what the television advertisements or other sales material specifically stated [or] when he was exposed to them or which ones he found material.").

Plaintiff tries to allege a claim based on fraudulent omission by citing *Falk v. GMC*, 496 F. Supp. 2d 1088 (N.D. Cal. 2007), but that case is readily distinguishable.  In *Falk*, the Court denied defendant's challenge to plaintiffs' CLRA and UCL claims only after finding that the plaintiffs had adequately pled a material, safety-related defect—namely a defect with vehicle speedometers that caused the speedometers to stick and provide incorrect speed readings.  Here, by contrast, Plaintiff has not alleged any safety defect applicable to him.  Moreover, and of crucial importance, each of the named plaintiffs in *Falk* actually experienced the defect of which they complained, and incurred out-of-pocket costs to repair the speedometers.  *Falk*, 496 F. Supp. 2d at 1092 ("Kratzer's speedometer failed…when the vehicle was stopped, the speedometer would read 120 miles per hour;…Kratzer [paid] $100 to fix the problem"; "McRae…saw her speedometer read 120 miles

ALERE ENTITIES' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6); AND ALTERNATIVE MOTION TO STAY BASED ON PRIMARY JURISDICTION

82024739v1

Sedgwick␣ʟʟᴘ

per hour while she was driving at normal speeds…[She] agreed to pay $325 to have her speedometer replaced."). Here, Plaintiff has not alleged that he ever experienced an inaccurate reading, or that he ever will. *Cf Mlejnecky v. Olympus Imaging America, Inc*., 2011 WL 1497096 at \*5 (E.D. Cal. 2011) (Distinguishing *Falk* because in *Falk* "the named plaintiffs all alleged an injury stemming from the defect" whereas in the present case, plaintiff "has not alleged that she was affected in any way by the alleged misrepresentation…"); *and Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp.2d 1220, 1231 (C.D. Cal. 2011)("To have standing to assert UCL and CLRA claims…[Plaintiff] must allege that his vehicle experienced the water leak defect described in the TSB").

With regard to Plaintiff's UCL claims, Plaintiff tries, unsuccessfully, to pigeonhole his allegations under all three prongs of the statute. With regard to the "unlawful" prong of the UCL, Plaintiff suggests that he is relying upon a violation of the FDCA, although his complaint never mentions this. But the FDCA does not contain a private right of action, and, critically, Plaintiff has not pled facts to show that the Corrective action has any relevance to him. Most drug and medical devices pose some level of risk and carry warnings, which is why they require prescriptions. The Corrective notice simply informed patients of some further warnings in addition to those they received at time of sale, but none of those additional warnings applied to Plaintiff. He thus cannot claim that the device was in any way less reliable as to him than he believed when he bought it. Plaintiff effectively asks the Court to adopt a rule that any time a drug or device manufacturer issues a new warning, all previous purchasers should get their money back, regardless of whether that new warning has any application to them. The Court should decline this invitation.

With regard to the "unfair" prong of the UCL, Plaintiff simply has not demonstrated the type of "substantial" consumer injury that is required to state a claim under this prong of the statute. *Daugherty v. Am. Honda Motor Co.,* 144 Cal.App.4th 824, 835 (2006) (An act or practice is "unfair" if the consumer injury is "substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably

Sedgwick<sub>LLP</sub>

-6-                                                                  Case No. 3:15-cv-02580-CRB

have avoided.")  As discussed above, Plaintiff has not pled any injury at all, much less the degree of injury required by *Daugherty*.

Finally, Plaintiff has also failed to establish a UCL claim based upon the "fraudulent" prong of the statute.  As noted repeatedly, Plaintiff has not identified any specific statement(s) that he saw or relied upon, or how he was deceived by such statement(s).  A generic reference to "all of defendants marketing materials" does not suffice.

## V.    IN THE ALTERNATIVE, THE COURT SHOULD STAY PROCEEDINGS BASED ON THE PRIMARY JURISDICTION DOCTRINE

The stay that the Alere Entities seek, as an alternative to dismissal, is based upon the fact that the relief that Plaintiff seeks would effectively amount to a full-scale withdrawal of the product from the market – something the FDA has not required.  Plaintiff disputes that he is seeking this remedy, (Response p. 12), but he is talking out of both sides of his mouth.   Just pages earlier, Plaintiff states,  repeatedly, that the INRatio Systems are "worthless," and that "Plaintiff and the Class can no longer use the System." (Response p. 6; *see also* Response p. 4 – "The System cannot and should not be relied upon by anyone to monitor the anticoagulation of blood"; and Response p. 7 – "Given its unreliability, the device cannot be used….")  These statements make plain that Plaintiff wants this Court to substitute its judgment for FDA's in relation to patients' ability to continue to rely upon the INRatio Systems.  The full refund that Plaintiff seeks for himself and thousands of people still using the system rests on his contention that the device is unusable and "worthless."  A determination of "worthlessness" should be left to the FDA, not Plaintiff.

## VI.    CONCLUSION

For the foregoing reasons, the Alere Entities respectfully request that the Court grant their motion dismiss Plaintiff's First Amended Class Action Complaint in full and with prejudice. In the

ALERE ENTITIES' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6); AND ALTERNATIVE MOTION TO STAY BASED ON PRIMARY JURISDICTION

82024739v1

alternative, the Alere Entities respectfully request that the Court stay this action pending resolution of the FDA's ongoing activities involving the INRatio Systems.

Dated:  September 25, 2015                    SEDGWICK LLP

                                             By: /s/ *Stephanie Sheridan*
                                                 Stephanie Sheridan
                                                 Anthony Anscombe
                                                 Meegan Brooks
                                                 SEDGWICK LLP
                                                 *Counsel for Defendants*
                                                 ALERE HOME MONITORING, INC. and
                                                 ALERE SAN DIEGO, INC.

-8-                            Case No. 3:15-cv-02580-CRB

ALERE ENTITIES' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6); AND ALTERNATIVE MOTION TO STAY BASED ON PRIMARY JURISDICTION

82024739v1